# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| WILLIS COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV413-091 |
| ) | |
| STATE OF GEORGIA; ) | |
| DAVID LOWE, ) | |
| Director, Child Support Agency; ) | |
| CARROL BRANNEN, ) | |
| Child Support Agency, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Following decades of child-support enforcement efforts against him, *pro se* plaintiff Willis Cooper seeks leave to file, without prepayment of the Court's filing fee, some sort of case[1] against the State of Georgia, a district attorney, and two child support enforcement personnel. Docs 1 & 2. Cooper has satisfied the Court's prior order in quest of more information showing his indigence, so his motion to proceed *in forma pauperis* (IFP), doc. 2, as re-filed, doc. 4, is **GRANTED**.

---

[1] He does not specify any particular remedy.

But just as the IFP statute authorizes courts to waive filing fees, it also authorizes them to dismiss a case *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The power to dismiss *sua sponte* in IFP cases "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Construing Cooper's rambling complaint liberally, *Gadson v. Chatham County Sheriff Dep't*, 2009 WL 1288866 at * 1 (S.D. Ga. May 8, 2009) (applying dismissal standards to *pro se* complaints and reminding that, while complaint language may be construed liberally, the same pleading rules apply to pro se litigants as represented litigants, and judges may not advocate for them), Cooper complains that he has been paying child support "for 25 to 30 years" (doc. 1 at 4) and was incarcerated for "5

2

months being charged every thirty to forty days with contempt of court because [he] insisted on being provided with proof of indebtedness." Doc. 1 at 3-4. The state court constantly forced him to make such payments but he has fallen behind, and he currently owes $49,000. *Id.* at 4. He has been imprisoned, cumulatively, for "over 3 years of my life" since 1989. *Id.* at 4-5.

But all he has done, he insists, is merely question the validity of his indebtedness (he does not say whether he questioned the computational or legal basis of the arrearage). *Id.* at 5. He has tried to resolve his questions in state court but has failed. *Id.* He insists he has never been jailed for nonpayment, but only because he refused to pay twice, and was never given "proof" of what he truly owed. *Id.* Along the way, his driver's license was "held in indefinite suspension by the Child Support Agency," *id.* at 6, and this has destroyed his livelihood, thus rendering him homeless. *Id.*

Citing harassment by the Child Support Agency, Cooper has unsuccessfully sought legal aid. Doc. 1 at 7. He requested a hearing to review his case with "the Main Office of Child Support in Atlanta, Ga,"

*id.*, but to no avail. *Id.* at 7-8. Before this Court he writes: "I want an investigation of this case conducted due to improprieties and false claims of indebtedness, implicated primarily by the D.A. Carrol Brannen and prosecution enforcement perpetrated upon myself by Mr. David Lowe[,] the director of the Child Support Office in Sav. Ga." *Id.* at 8. He would also like a "charge of pujury" [sic] brought against Carrol Brannen which was committed by her on two separate occasions. . . ." *Id.* The remainder of his complaint similarly seeks "pay-back" against all who enforced child support orders against him. His prayer for relief:

> I am suing for relief and justification of the pursecution [sic] of myself by these individuals illicitly using the resources of the State of Georgia to perpetrate this fraud. I am asking Ten Million Dollars (10,000,000) in damages for the blatant violations of my Constitutionally protected rights as a natural born citizen of the United States of America. The violation of my civil rights under Federal and State.

Doc. 1 at 11.

Cooper does not specify whether he is suing the defendants in their official or individual capacity. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

4

whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486–87.

Cooper has not claimed that his child-support incarceration judgments have been set aside or otherwise held invalid. Hence, if he means to state a claim under 42 U.S.C. § 1983, it is *Heck*-barred. In that his claims pivot on such invalidity, his case should be dismissed for failure to state a claim per 28 U.S.C §§ 1915(e)(2)(B)(ii) and 1915A(a). *White v. Stovall*, 2013 WL 1866959 at * 2 (W.D. Ark. Mar. 29, 2013) (similar claim, same result).

Additional grounds support dismissal. "'[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments.' *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir.2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983))." *Netterville v. City of New York*, 2013 WL 541503 at * 2 (S.D.N.Y. Feb. 7,

2013) (dismissing similar "child support" gripe case). To the extent that Cooper is seeking "appellate" review of state court actions against him, this Court lacks jurisdiction. *Id.*

Also, the Eleventh Amendment precludes private federal litigation against a state and its agencies, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Bucano v. Sibum*, 2012 WL 2395553 at * 13 (M.D. Pa. Apr. 23, 2012) (collecting cases), so to the extent Cooper is trying to sue the "Child Support Agency," doc. 1 at 1, his suit is barred on those grounds. And the "current D.A." (doc. 1 at 1) is also immune from suit, as Cooper alleges no conduct beyond her normal prosecutorial role. *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993); *Bucano*, 2012 WL 2395553 at * 15.

Accordingly, this case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED**, this 21st day of May, 2013.

<u>/s/ signature</u>
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA